**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jaime Antonio Gomez Montalvan,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No.: 2:26-cv-02841-JAD-NJK<br>**Order Granting in Part Motion for Limited Discovery**<br>[ECF No. 11] |

Jaime Antonio Gomez Montalvan seeks habeas relief from immigration detention. He was arrested after he was pulled over by Immigration and Customs Enforcement (ICE) officials based on "a targeted enforcement lead from open sources [and] immigration and law-enforcement databases indicating [that he] is suspected of being in the United States unlawfully."[1] Earlier this month, Gomez Montalvan filed a motion for limited discovery seeking "(1) any body-worn-camera footage from before, during, and after [the respondents] arrested [him] on or about August 23, 2026; (2) ICE's operative policy regarding when their agents and officers may lawfully conduct a traffic stop; and (3) any information relating in whole or in part to the 'open sources, immigration, and law enforcement databases' that purportedly established a basis for [the respondents'] lead on Gomez Montalvan."[2] He contends that there is good cause for this discovery because he challenges "whether ICE stopped and arrested him lawfully."[3]

---

[1] ECF No. 11-1 at 3.

[2] ECF No. 11 at 1 (cleaned up).

[3] *Id.* at 5.

Despite indicating that they were planning to produce this information,[4] the respondents oppose Gomez Montalvan's request. They contend that ICE had a valid warrant to arrest him, ICE is allowed to arrest noncitizens who are in the country illegally, and they don't have to produce initial disclosures in habeas cases under Federal Rule of Civil Procedure 26(a)(1)(B).[5]

I find the government's arguments persuasive. I have previously held that I "apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action,"[6] and Rule 6 permits parties to conduct discovery if good cause supports a specific request.[7] So that rule, and not the rule governing initial disclosures in civil cases, applies here. And Gomez Montalvan has shown good cause for his body-cam request. He questions whether there was probable cause for his arrest and whether the warrant supporting that arrest was issued before or after ICE pulled him over. The respondents' unsupported statements claiming that Gomez Montalvan was arrested legally don't overcome his good-cause basis to seek evidence confirming that is true. But I do not find good cause to grant Gomez Montalvan's requests for ICE policies and information related to the open sources and databases that ICE used to determine that he was in the country illegally. He fails to sufficiently connect those documents to any potential habeas challenge concerning his detention. So I grant in part Gomez Montalvan's motion and direct the respondents to produce the footage he seeks by November 13, 2026.

---

[4] *See* ECF No. 16 at 2 (representing that support staff for respondents' counsel told Gomez Montalvan's lawyer that respondents' counsel "has been working diligently with [the] agency to obtain any documents and body-camera footage").

[5] ECF No. 15.

[6] ECF No. 3 at 3 n.3.

[7] Rule 6 of the Rules Governing § 2254 Cases.

**Conclusion**

IT IS THEREFORE ORDERED that Jaime Antonio Gomez Montalvan's motion for limited discovery **[ECF No. 11] is GRANTED in part**. **The government must produce by November 13, 2026,** any body-worn-camera footage from before, during, and after the respondents arrested Gomez Montalvan on or about August 23, 2026.

IT IS FURTHER ORDERED that **Gomez Montalvan's deadline to file an amended habeas petition is sua sponte extended to November 20, 2026**.

U.S. District Judge Jennifer A. Dorsey
November 5, 2026